## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TRISTIAN DON BOWENS,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )          **Case No. CIV-12-1120-D** |
| | ) |
| **RICHARD VAN DYCK, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee in the Grady County Law Enforcement Center, appearing pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted as required, and based on that review it is recommended that the complaint be **DISMISSED** on filing.

## BACKGROUND

In a three-count complaint, Plaintiff names two Defendants: Richard Van Dyck, District Judge of the District Court of Grady County; and Timothy Brauer, Special Judge of the District Court of Grady County. Amended Complaint, 1-2. In Count I, Plaintiff alleges

that Judge Brauer deprived him of due process and equal protection of the law under both the United States and Oklahoma Constitutions when he failed to act with "proper judicial discretion" at Plaintiff's November 7, 2011 preliminary hearing, and bound Plaintiff over for trial without probable cause. In that same count, he alleges that Judge Van Dyck denied him due process of law by failing to rule on a motion to quash in which Plaintiff sought dismissal of the criminal case against him. Amended Complaint, 3-3a [Doc. No. 5, p. 3-4]. In Count II, Plaintiff alleges denial of fairness and an impartial fact finder in violation of the Sixth Amendment to the United States Constitution and in violation of the Oklahoma Constitution. Amended Complaint, 3. He claims that Judge Brauer overruled Plaintiff's hearsay objections, and unjustifiably bound Plaintiff over for trial without probable cause. *Id.* He also contends that Judge Van Dyck "remanded" Plaintiff back to court on an amended charge after an initial charge was found to be unsupported by probable cause. *Id.* In Count III, Plaintiff claims that Judge Brauer violated his rights under the Eighth Amendment to the United States Constitution by setting excessive bail, by failing to give notice that an electronic monitoring device would be employed should bail be met, and set bail higher than that set for defendants charged with similar offenses and criminal histories. Amended Complaint, 4.

## INITIAL SCREENING STANDARD

In any action filed by a person proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint."*Carson v. Tulsa Police Dep't*, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008) (quotation and alteration omitted) (applying plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).[1] In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*,

---

[1]This and any other unpublished decision is cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

487 U.S. 42, 48 (1988); *see also Tarabishi v. McAlester Regional Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage "). For the reasons discussed below, the undersigned finds that Plaintiff has not stated a claim under § 1983 in that he seeks relief against Defendants for actions taken in their judicial capacities for which they are entitled to absolute immunity from suit.

Established Federal law makes it clear that judges enjoy absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is overcome in only two circumstances. First, a judge has no immunity for actions not taken in his judicial capacity. *Id.* Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* Plaintiff's allegations do not implicate either exception.

## RECOMMENDATION

It is recommended that this § 1983 action be **DISMISSED** with prejudice as the Defendants are entitled to absolute immunity from suit for actions taken in their judicial capacity. Furthermore, if this recommendation is adopted, it is also recommended that Plaintiff be assigned a 'strike' for purposes of future IFP eligibility because this action is frivolous, malicious, and fails to state a claim upon which relief may be granted. *Hafed v. Fed. Bur. of Prisons*, 635 F.3d 1172, 1176 (10th Cir.2011) (quoting 28 U.S.C. § 1915(g)). Plaintiff is advised of his right to file an objection to this Report and Recommendation with

4

the Clerk of Court by **November 30, 2012**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of Court is hereby directed to forward a copy of this Report and Recommendation to the District Attorney of Grady County. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

  **ENTERED** November 13, 2012.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE