IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRISTIAN DON BOWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-1120-D |
| | ) | |
| RICHARD VAN DYCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a pretrial detainee who appears *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, alleging violations of his constitutional rights by the defendants. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.

On November 13, 2012, the Magistrate Judge filed a Report and Recommendation [Doc. No. 9] recommending that the Complaint be dismissed upon filing, pursuant to 28 U. S. C. § 1915(e), because the defendants are an Oklahoma District Judge and a Special District Judge, who are immune from liability on Plaintiff's claims.

Plaintiff did not file a formal objection to the Report and Recommendation, but he submitted a response to the Court Clerk, filed November 20, 2012, in which he advised that he lacked the knowledge and education to object to the Report and Recommendation. He further stated that he would not pursue this case, and asked if the partial filing fee paid to the Court Clerk could be refunded to him.

Although Plaintiff's response is not a formal objection to the Report and Recommendation, the Court has nevertheless reviewed the matter *de novo*. The Magistrate Judge correctly explained in the Report and Recommendation that, pursuant to 28 U. S. C. § 1915(e), his initial review of the

Complaint warrants dismissal because the allegations show that Plaintiff's allegations are frivolous or malicious, fail to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U. S. C. § 1915(e)(i)-(iii). As the Magistrate Judge further explained, state court judges are entitled to absolute immunity from suit based on actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Plaintiff's allegations in this case reflect that the only conduct about which he complains was taken by the defendants in their respective judicial capacities. He seeks a declaratory judgment that decisions they rendered violated his constitutional rights, and he also seeks both compensatory and punitive damages from each defendant. He alleges no facts that could arguably seek to render either defendant liable for any actions other than those taken in their respective judicial capacities.

Because the only named defendants in this action are immune from the relief requested by Plaintiff, dismissal with prejudice is proper in accordance with § 1915A § (b)(2) and § 1915(e), as the allegations fail to state a claim on which relief may be granted against the named defendants, and it seeks monetary relief against defendants who are immune from such relief.

Plaintiff's request for a refund of his filing fees must be denied. In the Order granting him leave to proceed *in forma pauperis* [Doc. No. 6], Plaintiff was advised of his obligation to satisfy the filing fee by partial payments in accordance with 28 U. S. C. § 1915(b). He was also expressly advised that he could avoid incurring any fees if he voluntarily dismissed the action on or before November 2, 2012. *See* Order [Doc. No. 6] at p. 1. Plaintiff did not comply with that deadline. The partial payment requirements are mandatory, as the statute states the Court "*shall* assess and, when funds exist, collect" the partial filing fees. 28 U. S. C. § 1915(b)(1) (emphasis added). The statute provides no discretion to the Court to refund fees paid, and Plaintiff in this case presents no

legal basis for a refund.

Accordingly, the Report and Recommendation [Doc. No. 9] is adopted as though fully set forth herein.  Pursuant to 28 U. S. C. § 1915(e)(2)(B), this action is dismissed.  Inasmuch as Plaintiff has sued judges who are "absolutely immune" from liability, the action is dismissed with prejudice. *See McMurray v. Smith,* 301 F. App'x 838 (10th Cir. 2008) (unpublished opinion) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

IT IS SO ORDERED this 20th day of December, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE